Henry Epstein, J.
Defendant moves for dismissal of the first and second causes of action for legal insufficiency.
Plaintiff and defendant were residents of West Germany at the time of the decease of their mother. It is alleged, in a first cause of action, that the parties were her sole and equal heirs. Defendant took and retained certain property constituting the mother’s estate. Shortly after the death of their mother, the defendant, it is alleged, represented to the plaintiff that, by virtue of the provisions contained in the will of their late grandfather, the property in issue belonged to the defendant and did not constitute part of the assets of the estate of the mother. The falsity of the representation was discovered in December of 1959. Defendant refused to account, and this action has been brought for an accounting.
Plaintiff’s right of recovery with respect to his share of the estate is sufficiently set forth as fact in the complaint as well as the controlling West German law. Plaintiff rests his claim of right to an accounting as the remedy, also upon the cited West German law. However, ‘ ‘ Where a party seeks in this State enforcement of a cause of action created by foreign law, he can avail himself only of the remedies provided by our law, and is *847 subject to the general limitations which are part of our law.” (Mertz v. Mertz, 271 N. Y. 466, 473.)
In the circumstances here, accounting is not an available remedy to recover the damage resulting from breach of defendant’s duty. The first cause is insufficient.
In the second cause of action, the allegations of the first cause are repeated, and it is alleged in addition that the representations were false; that the assets involved did not become the property of the defendant by virtue of any provision contained in the will of the late grandfather; that the assets belonged to the estate of the deceased mother; that the representations were known to be false and were made with the intent to deceive the plaintiff and to cause him to rely thereon, which he did, to his damage, in that he refrained from taking action and thereby has lost the use and value of the property.
However, any damage recoverable in relation to the property or its value at the time of breach of duty is includable in the first cause of action, if and when it is properly stated.
The allegations of fraud do not pertain either to the origin and existence of the claim or to damage, but at best are facts and circumstances which may give rise, by anticipation, to a claim of estoppel against the assertion of a defense of Statute of Limitation. Moreover, the duty to turn over is not enlarged by any alleged act of fraud in breaching that duty, or in delaying the day of reckoning.
The motion is granted dismissing each cause of action, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order, with notice of entry.